**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Kevin Figgers,

      Defendant

Case No.: 2:21-cr-00202-JAD-BNW

**Order Denying Motion to Reduce Sentence**

[ECF No. 52]

Defendant Kevin Figgers is roughly 50 months into serving his 144-month sentence for bank robbery and related offenses. He now moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility. Because Figgers does not qualify for an adjustment to his criminal-history points or his offense level, I deny his motion.

**Discussion**

A court may reduce a defendant's sentence if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[2] Under the newly amended § 4A1.1, a defendant with

---

[1] 18 U.S.C. § 3582(c)(2).

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3]  Under the newly amended § 4C1.1, a defendant with zero criminal-history points whose offense did not involve specific aggravating factors may receive a two-level decrease in his offense level.[4]  Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[5]

Figgers asks this court to review his sentence for eligibility, arguing that he is eligible for a criminal-history category reduction.[6]  His counsel filed a notice of non-eligibility suggesting that he does not so qualify.[7]  And indeed, Figgers was sentenced with zero "status" criminal-history points, so it's impossible to reduce his status points any further under § 4A1.1.  He similarly does not qualify for an adjustment under § 4C1.1's zero-point offender amendment because he received three criminal-history points at sentencing.[8]

**Conclusion**

IT IS THEREFORE ORDERED that Kevin Figger's motion for a sentence reduction under Amendment 821 **[ECF No. 52] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
February 12, 2026

---

[3] *Id*. at 60535.

[4] *Id*.

[5] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[6] ECF No. 52.

[7] ECF No. 53.

[8] Presentence Investigation Report at 14–15.